## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DOUGLAS LITTLEJOHN,        )
                                 )
       Plaintiff,         )
                                 )
v.                                 )
                                 )  Case No.
VIVINT SOLAR,           )
                                 )
       Defendant.     )
                                 )

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

DOUGLAS LITTLEJOHN,        )
                                 )
       Plaintiff,         )
                                 )
v.                                 )
                                 )  Case No. 16-CV-09446-NLH-JS
VIVINT SOLAR,           )
                                 )
       Defendant.     )
                                 )

## MEMORANDUM OF LAW IN SUPPORT OF
## <u>MOTION TO QUASH OR MODIFY SUBPOENA</u>

## **INTRODUCTION**

Defendant Vivint Solar ("Vivint") pursuant to Rule 45 hereby moves to quash or modify the subpoena (the "Subpoena") served by Plaintiff Douglas Littlejohn ("Plaintiff"). The Subpoena is improper for two reasons. First, it seeks to compel nonparty TransUnion LLC ("TransUnion") to produce documents that exceed the scope of discovery orders entered in this case. A true and correct copy of the Subpoena is attached hereto as Exhibit A. Plaintiff's counsel has made multiple attempts to avoid the scope of the discovery orders entered in this case, including serving a prior subpoena without providing Vivint notice, and has used information improperly obtained in this case to initiate at least one additional lawsuit against Vivint. *See Christine and Timothy Droney v. Vivint Solar*, Case No. 1:18-cv-0084 (D.N.J., filed Jan. 20, 2018). A true and correct copy of the Droney Complaint is attached hereto as Exhibit B.

Second, the Subpoena seeks the disclosure of protected documents in violation of Rule 45(d)(3)(A)(iii) and the disclosure of sensitive consumer information and Vivint's confidential and proprietary company information in violation of Rule 45(d)(3)(B)(i).

For the foregoing reasons, the Subpoena should be quashed or modified.

## **PROCEDURAL HISTORY AND FACTUAL BACKGROUND**

Plaintiff commenced this action on December 22, 2016 in the United States District Court, District of New Jersey, under Docket Number 1:16-cv-09446 alleging that Vivint violated the federal Fair Credit Reporting Act ("FCRA") by pulling his credit without permission. *See* Compl., ECF No. 1. Plaintiff propounded discovery seeking production of, *inter alia*, similar consumer claims of improper credit pulls. Vivint objected for multiple reasons, including because the requests were not relevant or proportional to the needs of a single plaintiff FCRA

2

claim when the allegations amount to a "he said, she said" dispute.  Further, mere allegations of improper credit pulls do not mean that a violation actually occurred.

The District Court agreed and on September 21, 2017, denied Plaintiff's motion to compel and limited discovery to claims of improper credit pulls filed (i) by consumers from Pennsylvania, New Jersey, and Delaware, and (ii) within the five years prior to the filing of Plaintiff's complaint (the "Discovery Order").  *See* ECF No. 23, also attached as Ex. C.  During oral argument on the motion to compel, the Court reminded counsel that the Court would not allow fishing expeditions.

Approximately one month later, on or about October 19, 2017, Plaintiff served the Better Business Bureau ("BBB") with a subpoena seeking all complaints involving Vivint for the years 2012 to present that involve the word "credit."  *See* Ex. D.  Plaintiff served that subpoena without notifying Vivint in violation of Rule 45(a)(4).  *See id.*  Without Vivint's knowledge, BBB produced documents in its possession that far exceeded the Court's Discovery Order.  Indeed, the BBB served Plaintiff with every single complaint ever lodged against Vivint with the BBB.  Plaintiff has since improperly used that information in this litigation and Plaintiff's counsel usurped that information to file another lawsuit against Vivint.[1]

The Subpoena to TransUnion is another attempt to circumvent the Discovery Order. Specifically, paragraphs 5 through 8 in the subpoena *duces tecum*,[2] as well as paragraphs 5 through 7 in the subpoena *ad testificandum*,[3] seek documents and testimony regarding:

---

[1]    *See* Ex. B.

[2]    *See* Ex. A, p. 2, ¶¶ 5, 6, 7, and 8.

[3]    *See* Ex. A, p. 3, ¶¶ 5, 6, and 7.

- "[H]ow many times in which Vivint Solar corresponded with [TransUnion] requesting that you delete an inquiry from a consumer's credit report."

- "[T]he allegation that Vivint ... accessed a consumer's credit report without authorization."

- "[T]he allegation that Vivint ... accessed a consumer's credit report without a permissible purpose."

- "[A]ny review or investigation conducted by [TransUnion] into whether Vivint Solar was obtaining consumer credit reports without authorization or a permissible purpose."

These topics are intentionally broad, and are not limited geographically to Pennsylvania, Delaware and New Jersey or temporally limited to the past five years as Ordered by the Court. This information is also sensitive because disclosure would require the release of confidential service agreements in place between Vivint and TransUnion, confidential information from Vivint, and the release of consumers' personal identifiable information.

The Subpoena demands production of the documents on February 23, 2018 and testimony on February 28, 2018. *See* p. 1, Ex. A. On February 15, 2018, Vivint sent Plaintiff a letter demanding withdrawal of the Subpoena by a certain date. *See* Ex. E. Plaintiff responded refusing to withdraw the Subpoena. *See* Ex. F.[4]

On February 16, 2018, counsel for Vivint again asked Plaintiff to withdraw the Subpoena or modify it to comply with the Discovery Order and advised of the need to file the instant motion if an agreement could not be reached. Plaintiff was unwilling to address the scope of the Subpoena within time to avoid the instant motion and instead recommended this motion be filed.

---

[4]    Plaintiff further responded that if Vivint files the instant Motion, he would oppose it by notifying the Court of other allegedly similar consumer complaints against Vivint, somehow suggesting that the information he previously improperly obtained justifies the continued ignorance of the Discovery Order.

4

Accordingly, Vivint hereby moves to quash or modify the Subpoena.

## ARGUMENT AND CITATION TO AUTHORITY

### 1.      Vivint has Standing to Move to Quash or Modify the Subpoena

If a subpoena implicates the privileges of a third person, the third person has a right to move to quash or modify the subpoena. *See New Park Entm't L.L.C. v. Elec. Factory Concerts, Inc.,* Civil Action No. 98-775, 2000 U.S. Dist. LEXIS 531 (E.D. Pa. Jan. 13, 2000) (Defendants found to have standing to move to quash the subpoena plaintiff served upon multiple nonparties because defendants had personal right in the requested documentation); *see also Thomas v. Marina Assocs.,* 202 F.R.D. 433, 434 (E.D. Pa. 2001) *(*citing *Johnson v. Gmeinder,* 191 F.R.D. 638, 640 n.2 (D. Kan. 2000)); *see also First Sealord Sur. v. Durkin & Devries Ins. Agency,* 918 F. Supp. 2d 362, 382 (E.D. Pa. 2013) (citing *Davis v. General Accident Ins. Co. of America,* No. 98-4736, 1999 U.S. Dist. LEXIS 5344, 1999 WL 228944, at *2 (E.D. Pa. April 15, 1999)).

Although Vivint is a third-party to the Subpoena, every paragraph in the Subpoena requests documents and testimony about Vivint.  In fact, the Subpoena seeks documents and testimony outside the parameters of discovery defined by the District of New Jersey.  The parameters set forth by Judge Schneider were clear – Plaintiff is only entitled to discovery about similar claims of improper credit pulls in New Jersey, Pennsylvania, and Delaware for the period of five years preceding the filing of the complaint.  The Subpoena however seeks documents and testimony about alleged improper credit pulls on a nationwide basis without any restriction as to time.  Plaintiff is intentionally defying Judge Schneider's Discovery Order.

Plaintiff seeks confidential and proprietary information Vivint shares with TransUnion as well as sensitive consumer information.  For instance, compliance with the Subpoena would

require the release of confidential service agreements in place between Vivint and TransUnion as well as trade secrets like Vivint's customer list. Compliance with the Subpoena would also require the release of consumers' consumer report data, which includes personal identifiable information, like social security numbers, driver's license numbers, passport numbers, and bank and credit/debit card numbers. Plaintiff admits in his own complaint that consumer report data:

> would have included a trove of sensitive personal and private information about Plaintiff, such as his birth date, credit history profile, pay histories, employer information and the like.

*See* ECF No. 1, ¶ 26. Yet now demands that TransUnion produce to him this same information about other consumers across the nation.

Thus, because the Subpoena seeks documents and information outside the discovery parameters ordered by Judge Schneider and requires disclosure of protected documentation and sensitive consumer and company information, Vivint has standing as a third party to move to quash or modify the Subpoena served upon TransUnion.

### 2. The Subpoena Improperly Attempts to Seek Disclosure of Privileged and Protected Materials as well as Sensitive Consumer and Company Information

Rule 45(d)(3)(A)(iii) provides that a subpoena must be quashed or modified when it requires disclosure of privileged or other protected matter. *See* Fed R. Civ. Pro. 45(d)(3)(A)(iii). The provision in Rule 45 requiring quashing or modification of a subpoena that calls for disclosure of "other protected" materials refers to testimony or production that, although not privileged, is nevertheless protected from compelled disclosure. *See Moore's Federal Practice* § 45.51[3] (3d ed. 2017). Under Rule 45(d)(3)(B)(i), the court also may quash or modify a subpoena that requires the disclosure of trade secrets or commercial information. *See* Fed R.

Civ. Pro. 45(d)(3)(B)(i); *see also United States ex rel. Willis v. SouthernCare, Inc.*, No. CV410-124, 2015 U.S. Dist. LEXIS 127746, at *8 (S.D. Ga. Sep. 23, 2015); *see also R&D Business Sys. V. Xerox Corp.*, 152 F.R.D. 195, 196-198 (D. Colo. 1993) (nonparty's supplies sources, research and development efforts, market strategy, and customer lists were trade secrets and subpoena was modified to restrict testimony and production).

Here, Plaintiff is seeking disclosure of Vivint's confidential service agreements with TransUnion[5] and copies of documents reflecting communications between Vivint and TransUnion in connection with the service agreements.[6]   The Subpoena also seeks sensitive consumer information for individuals who are not parties to this litigation.   Thus, these portions of the Subpoena should be quashed or modified as disclosure of this information and documentation is harmful to Vivint.

Further, courts have routinely quashed and modified subpoenas when the information and documentation demanded in a subpoena conflicts with a prior discovery order.   *See Trans Energy, Inc. v. EQT Prod. Co.*, Civil Action No. 5:13CV93, 2016 U.S. Dist. LEXIS 10530 (N.D. W. Va. Jan. 29, 2016) (the court quashed the subpoena because it sought discovery outside of the parameters established in the prior discovery order); *see also Zoltek Corp. v. United States*, 104 Fed. Cl. 647 (2012) (the court modified the subpoena to conform with the parameters set forth in the prior discovery order).

---

[5]      *See* Ex. A, p. 2, ¶¶ 1, 5, 6, 7, and 8.

[6]      *See* Ex. A, p. 2, ¶¶ 1, 5, 6, and 7.

The Subpoena issued in this case is in direct conflict with Judge Schneider's prior Discovery Order.   Judge Schneider ordered that Plaintiff was only entitled to the following discovery regarding similar claims of improper credit pulls:

> For the five (5) years prior to the date the complaint was filed, defendant Viv[i]nt Solar shall produce all complaints, letters and administrative complaints from Pennsylvania, New Jersey and Delaware, wherein it was alleged Viv[i]nt Solar pulled the credit report of a customer or prospective customer without consent.

*See* Para. 1, Ex. C.  Plaintiff now seeks to avoid that Order by issuing the Subpoena, apparently claiming that Order pertained only to Vivint's discovery responses and not the case at large.[7]

Any form of compliance with the Subpoena will result in (1) discovery being produced that is outside of Judge Schneider's Discovery Order; (2) the release of nonparties' sensitive consumer information; and/or (3) the release of Vivint's confidential and proprietary information shared with credit reporting agencies, like TransUnion.  Thus, the Subpoena should be quashed in its entirety or modified to comply with the Discovery Order.

---

[7]     This argument is nonsensical as the Court would not limit discovery production from a defendant but permit it from a third party.

**CONCLUSION**

Plaintiff's Subpoena to TransUnion does not comply with Federal Rule of Civil Procedure 45 because it requires disclosure of protected matter in violation of Rule 45(d)(3)(A)(iii) and requires disclosure of sensitive consumer information and Vivint's confidential and proprietary company information in violation of Rule 45(d)(3)(B)(i). Accordingly, Vivint respectfully requests that the Court quash the Subpoena, or modify the requests to comply with Judge Schneider's Discovery Order.

Respectfully Submitted,

Dated: February 20, 2018

Daniel JT McKenna, Esquire
mckennad@ballardspahr.com
Jenny N. Perkins, Esquire
perkinsj@ballardspahr.com
**BALLARD SPAHR LLP**
1735 Market Street, 51st Floor
Philadelphia, PA  19103-7599
Telephone: 215.864.8321
Facsimile: 215.864.8999

*Attorneys for Defendant Vivint Solar*

DMEAST #33315934 v2

## CERTIFICATE OF SERVICE

I hereby certify that February 20, 2018, true and correct copies of the forgoing were filed and served upon all parties to this action via Hand Delivery via a Process Server and the Court's CM/ECF system.

_Jenny Perkins_
Jenny N. Perkins

10