# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| DOUGLAS LITTLEJOHN, Plaintiff, vs. VIVINT SOLAR, Defendants. | CASE NO. _____ |
|---|---|

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| DOUGLAS LITTLEJOHN, Plaintiff, vs. VIVINT SOLAR, Defendants. | CASE NO. 16-cv-09446-NLH-JS |
|---|---|

## SUBPOENA FOR DEPOSITION AND PRODUCTION OF DOCUMENTS TO TRANS UNION, LLC

TO:  TransUnion, LLC
     1510 Chester Pike
     Crum Lynne, PA 19022

Pursuant to F.R.Civ.P. 45, you are directed to appear for deposition and to produce such documents as are in your possession, custody or control at the time and place below stated in connection with the within matter.

**Document Production Time Date and Place** – Friday, February 23, 2018, at 9:30 a.m., at the offices Flitter Milz, PC, 450 N. Narberth Avenue, Narberth, PA, 19072, 610-822-0781.

**AND PRODUCE THE FOLLOWING DOCUMENTS:**

1. Your subscriber agreement, user agreement, data agreement, or similar agreement with Vivint Solar of Lehi, UT governing Vivint Solar's ability to obtain consumer credit data from you.

2. Documents reflecting what, if any, permissible purpose Vivint Solar represented to you that allowed it to obtain the credit report of Douglass Littlejohn on March 15, 2016. (See Ex. "A" hereto, listing inquiry).

3. Any authorization in your possession for release of Douglass Littlejohn's credit information to Vivint Solar.

4. Any correspondence from Vivint Solar to you mentioning Douglass Littlejohn.

5. Documents reflecting how many times in which Vivint Solar corresponded with you requesting that you delete an inquiry from a consumer's credit report.

6. Any documents in your possession reflecting the allegation that Vivint Solar of Lehi, UT accessed a consumer's credit report without authorization.

7. Any documents in your possession reflecting the allegation that Vivint Solar of Lehi, UT accessed a consumer's credit report without a permissible purpose.

8. Any and all documents in your custody, control or possession relating to any review or investigation conducted by you into whether Vivint Solar was obtaining consumer credit reports without authorization or a permissible purpose.

**Deposition Time Date and Place** – **Wednesday, February 28, 2018, at 9:30 a.m., at the offices of Flitter Milz, PC, 450 N. Narberth Avenue, Narberth, PA, 19072, 610-822-0781.**

Pursuant to F.R.Civ.P. 30(b), you are to designate one or more officers, agents or employees, knowledgeable to testify concerning:

2

1. Your subscriber agreement, user agreement, data agreement, or similar agreement with Vivint Solar of Lehi, UT governing Vivint Solar's ability to obtain consumer credit data from you.

2. What, if any, permissible purpose Vivint Solar represented to you that allowed it to obtain the credit report of Douglass Littlejohn on March 15, 2016. (See Ex. "A" hereto, listing inquiry).

3. Any authorization in your possession for release of Douglass Littlejohn's credit information to Vivint Solar.

4. Any correspondence from Vivint Solar to you mentioning Douglass Littlejohn.

5. How many times in which Vivint Solar corresponded with you requesting that you delete an inquiry from a consumer's credit report.

6. Any review or investigation whether Vivint Solar was obtaining consumer credit reports without authorization or a permissible purpose.

7. Your review and/or investigation of the business procedures/practices of Vivint Solar.

8. The location, custodian and contents of the documents (including electronically stored documents) requested in this Subpoena.

---

(a) Protection of Persons Subject to Subpoenas.

(1) A party or any attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing under burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty and appropriate sanctions, which may include, but it not limited to, lost earnings and a reasonable attorney's fee.

3

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a personal commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspection and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
    (i) fails to allow reasonable time for compliance;
    (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
    (iii) requires disclosure of privileged or other protected mater and no exception or waiver applies, or
    (iv) subjects a person to undue burden.

(B) If a subpoena
    (i) requires disclosure of a trade secret or other confidential research, development or commercial information, or
    (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
    (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(b) Duties in Responding to Subpoena

4

(1)   A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)   When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications or things not produced that is sufficient to enable the demanding party to contest the claim.

Date: Feb. 8, 2018

*Andrew M. Milz*
CARY L. FLITTER
ANDREW M. MILZ
Attorneys for Plaintiff

FLITTER MILZ, P.C.
525 RT. 73, Ste. 200
Marlton, NJ 08053-9644
(856) 396-0600

5

Case 2:18-mc-00059-RK   Document 1-3   Filed 02/20/18   Page 7 of 7

**ALLSTATE**
ENCOMPASS INSURANCE
1819 ELECTRIC RD
ROANOKE, VA 24018
(800) 255-7828

Requested On: 04/18/2017
Permissible Purpose: INSURANCE UNDERWRITING

**SYNCB/SAMS**
PO BOX 965005
ORLANDO, FL 32896-5005
(800) 984-1917

Requested On: 02/22/201

**ALLSTATE**
1819 ELECTRIC RD
ROANOKE, VA 24018
(800) 255-7828

Requested On: 01/04/2016
Permissible Purpose: INSURANCE UNDERWRITING

**TRAVELERS vía TRAVELERS**
PO BOX 42486
HOUSTON, TX 77242
(800) 550-7717

Requested On: 04/18/2017
Permissible Purpose: INSURANCE UNDERWRITING

**VIVINT SOLAR**
4931 N 300 W
PROVO, UT 84604
(801) 377-9111

Requested On: 03/15/2016



The following disclosure of information might pertain to you. This additional information may include Special Messages, Office of Foreign Assets Control ("OFAC") Potential Name Matches, Inquiry Analysis, Military Lending Act ("MLA") Covered Borrower Information, and/or Third Party Supplemental Information. Authorized parties may also receive the additional information below from TransUnion.

The following Special Messages may be provided to an authorized party when it makes an inquiry into your TransUnion credit report. These messages provide important details concerning the information contained in your file and/or the authorized party's inquiry.

**FILE PREVIOUS ADDRESS REPORTED USED IN TRUE NAME FRAUD OR CREDIT FRAUD**

## Should you wish to contact TransUnion, you may do so,

**Online:**
To report an inaccuracy, please visit: dispute.transunion.com
For answers to general questions, please visit: www.transunion.com

**By Mail:**
TransUnion Consumer Relations
P.O. Box 2000
Chester, PA 19016-2000

**By Phone:**
(800) 916-8800
You may contact us between the hours of 8:00 a.m. and 11:00 p.m. Eastern Time, Monday through Friday, except major holidays.

*For all correspondence, please have your TransUnion file number available (located at the top of this report).*

Ex. "A"

*Para informacion en espanol, visite www.consumerfinance.gov/learnmore o escribe a la Consumer Financial Protection Bureau, 1700 G Street N.W.,*

Page 24 of 27