# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

CHRISTINE DRONEY &
TIMOTHY DRONEY
7330 Clubhouse Circle
Egg Harbor City, NJ 08215

                Plaintiffs

vs.

VIVINT SOLAR
3301 N. Thanksgiving Way, Suite 500
Lehi, UT 84043
                Defendant

NO.

## COMPLAINT

### I. INTRODUCTION

1. This is an action for damages and other relief brought by consumers pursuant to the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*. The FCRA restricts access to consumer credit reports except for specific, statutorily enumerated purposes under 15 U.S.C. §1681b.

2. Defendant Vivint Solar, without notice or permission accessed Plaintiffs' consumer reports under false pretenses, without any permissible purpose or authorization.

3. Vivint Solar, as a part of its routine business practice, regularly obtains consumer credit reports from consumers in New Jersey and elsewhere upon false pretenses, without authorization by the consumer, and without a permissible purpose. Vivint Solar has been placed on notice of this illegal activity repeatedly, but has refused to discontinue the practice.

### II. JURISDICTION

4. Jurisdiction arises under the FCRA, 15 U.S.C. §1681p, and 28 U.S.C. §1337.

### III. PARTIES

5. Plaintiffs are Christine Droney and Timothy Droney, husband and wife. They are consumers who reside in Egg Harbor City, NJ at the address captioned. The Droneys formerly lived in Linwood, NJ.

6. Defendant Vivint Solar is a Delaware corporation with a principal office in Lehi, Utah as captioned.

### IV. STATEMENT OF CLAIM

*Vivint Solar Obtained the Droneys' Credit Reports Under False Pretenses*

7. On January 21, 2016, Plaintiff Christine Droney was solicited by a door-to-door salesperson from Vivint Solar at her home at 201 Morris Ave, Linwood, NJ.

8. Plaintiff Timothy Droney was not home at the time.

9. Jeremy, Vivint Solar's salesman, rang the doorbell at the Droneys' home and, when greeted by Christine, stated he was working in concert with Atlantic City Energy to do a "roof survey."

10. Jeremy asked Christine's permission to go onto her roof to see if she qualified for a government plan for free solar panels in conjunction with their electric supplier, Atlantic City Energy.

11. Jeremy stated to Christine that in order to "survey the roof," "his office needed" Ms. Droney's signature to "confirm they owned the property."

12. Ms. Droney complied by signing electronically that Jeremy could go on the roof. Jeremy never asked or suggested that he or Vivint Solar would pull Plaintiffs' credit reports and Christine did not consent to Vivint Solar obtaining her credit report.

13. The very next day, January 22, 2016, Ms. Droney was shocked to receive an alert that there was an inquiry made to her consumer credit reports made by Vivint Solar.

14. An inquiry was also made by Vivint Solar to the credit bureaus for the credit reports of Timothy Droney. Mr. Droney was not even home at the time of Vivint Solar's visit, had no knowledge of it, and did not consent to Vivint Solar obtaining his credit reports.

15. Plaintiffs never provided any authorization to have their credit reports pulled by Vivint Solar.

16. At no point did Jeremy mention pulling credit, nor ask permission to do the same.

17. Plaintiffs were not provided, nor given the opportunity to review, any paperwork or documents, paper or electronic.

18. Vivint Solar surreptitiously and intentionally obtained both Plaintiffs' consumer reports from the consumer reporting agencies.

19. Plaintiffs did not authorize Vivint Solar to obtain their consumer reports at any time.

20. Furious over Defendant's conduct, the Droneys contacted the Linwood, NJ police and filed a police report over Vivint Solar's unauthorized pull of their credit reports.

21. The Droneys also filed a Better Business Bureau complaint that was forwarded to Vivint Solar.

22.     After these complaints were filed, Vivint Solar investigated and then agreed to write to the credit bureaus asking for the record of its inquiries to be deleted.

23.     Vivint Solar received and possessed Plaintiffs' sensitive and private credit and personal data.

24.     Pursuant to 15 U.S.C. §1681b, a consumer report can be obtained only for the specific purposes stated thereunder, including for use in connection with a credit transaction that the consumer initiated, a firm credit offer, employment purposes, or a business transaction in which an individual has accepted personal liability for business credit.

25.     Vivint Solar never had a permissible purpose to obtain Plaintiffs' credit report.

26.     Vivint Solar obtained Plaintiffs' consumer report under false pretenses to the credit bureaus because Plaintiffs never provided authorization for a credit pull, nor sought any extension of credit.

27.     Defendant knew or should have known that Plaintiffs did not authorize any inquiry into their credit information at any time, nor initiated any credit transaction.

*__Vivint Solar's Pattern and Practice of Impermissible Credit Pulls__*

28.     Vivint Solar, as a pattern and practice, regularly obtains consumer reports on consumers without a permissible purpose and/or under false pretenses.

29.     Consumers across New Jersey and across the country have complained to Vivint Solar that Vivint's agents pulled their credit without consent or authorization.

30.     Consumers across New Jersey and across the country have complained to Vivint Solar that Vivint's agents obtained credit reports upon false pretenses, a federal crime.

31.     Some of these irate consumers have filed lawsuits.

32. Despite ample notice of this problem, Vivint Solar continued to allow its salespeople to routinely invade the privacy of consumers and violate the Act by pulling credit reports without a permissible purpose.

33. Even after the Droneys' complaints and police report, Vivint Solar and its salespersons continued to prey on New Jersey consumers, obtaining credit reports without a permissible purpose.

### *Invasion of Consumer Privacy*

34. As a result of Defendant's willful, wanton, reckless, and/or negligent action, Plaintiffs have been damaged.

35. The consumer reports obtained by Vivint Solar included a trove of sensitive personal and private information about Plaintiffs, such as their birthdates, credit history profile, pay histories, employer information and the like.

36. Plaintiffs' privacy has been invaded as a result of the willful, wanton, reckless and/or negligent conduct of Defendant.

37. Plaintiffs have lost trust and are suspicious, and have been constrained to monitor their credit nearly every day to prevent unauthorized access to their sensitive credit information.

38. Plaintiffs have suffered mental and emotional distress, worry, and aggravation as a result of Defendant's actions.

### COUNT I
### FAIR CREDIT REPORTING ACT

39. Plaintiffs repeat the allegations contained above as if the same were here set forth at length.

40.    Defendant has violated the Fair Credit Reporting Act by willfully and/or negligently obtaining the Plaintiffs' consumer credit reports without a statutorily permissible purpose. 15 U.S.C. § 1681b; 1681n and §1681o.

**WHEREFORE**, Plaintiffs Christine Droney and Timothy Droney demand judgment against Defendant Vivint Solar for:

    (a)    Actual and compensatory damages;

    (b)    Punitive damages;

    (c)    A declaration that the conduct complained of violates the provisions of the Fair Credit Reporting Act, 15 U.S.C. § 1681b;

    (d)    An Order requiring return of Plaintiffs' confidential consumer report and destruction of any copies;

    (e)    Attorney's fees and costs; and

    (f)    Such other and further relief as the Court shall deem just and proper.

## V.    DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury as to all issues so triable.

                Respectfully submitted:

Date: January 20, 2018                */s/ Andrew M. Milz*
                                          CARY L. FLITTER
                                          ANDREW M. MILZ
                                          JODY T. LOPEZ-JACOBS
                                          Attorneys for Plaintiffs

                                          FLITTER MILZ, P.C.
                                          525 Rt. 73 South, Ste. 200
                                          Marlton, NJ 08053-9644
                                          (856) 396-0600