# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DOUGLAS LITTLEJOHN<br>　　　　　　Plaintiff,<br><br>vs.<br><br>VIVINT SOLAR<br>　　　　　　Defendants. | CIVIL ACTION<br><br>NO. 16-cv-09446-NLH-JS |

## SUBPOENA FOR DEPOSITION AND PRODUCTION OF DOCUMENTS TO BETTER BUSINESS BUREAU

TO:   BETTER BUSINESS BUREAU
　　　1262 A. Whitehorse Hamilton Square, Rd# 202
　　　Hamilton Township, NJ 08690

Pursuant to F.R.Civ.P. 45, you are directed to appear for deposition and to produce such documents as are in your possession, custody or control at the time and place below stated in connection with the within matter.

**Document Production Time Date and Place** -- Friday, November 3, 2017, at 9:30 a.m., at the offices Flitter Milz, P.C., 525 Rt. 73, Ste. 200, Marlton, NJ 08053-9644.

**AND PRODUCE THE FOLLOWING DOCUMENTS:**

1.   Any and all complaints or reviews involving Vivint Solar for the Years 2012 to the present in any way mentioning the word "credit".

2.   Any and all communications (whether in paper or electronic format, including email) between you and Vivint Solar, and any of their agents, representatives, employees, or attorneys regarding complaints or reviews filed by consumers in any way mentioning the word "credit" from 2012 to present.

3.  Any and all documents in your custody, control or possession relating to any review or investigation conducted into the business practices of Vivint Solar from 2012 to present.

**Deposition Time Date and Place** – **Thursday, November 9, 2017, at 9:30 a.m., at the offices of Flitter Milz, P.C., 525 Rt. 73, Ste. 200, Marlton, NJ 08053-9644.**

- Pursuant to F.R.Civ.P. 30(b), you are to designate one or more officers, agents or employees, knowledgeable to testify concerning:

(1) Complaints or reviews filed against Vivint Solar for the Years 2012 to present mentioning the word "credit".

(2) What percentage of consumer complaints or reviews against Vivint Solar are related to Vivint obtaining a credit report without permission.

(3) Your review and/or investigation of the business procedures/practices of Vivint Solar.

(4) The location, custodian and contents of the documents (including electronically stored documents) requested in this Subpoena.

---

(a)  Protection of Persons Subject to Subpoenas.

(1)  A party or any attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing under burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty and appropriate sanctions, which may include, but it not limited to, lost earnings and a reasonable attorney's fee.

(2)(A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a personal commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspection and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
    (i) fails to allow reasonable time for compliance;
    (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
    (iii) requires disclosure of privileged or other protected mater and no exception or waiver applies, or
    (iv) subjects a person to undue burden.

(B) If a subpoena
    (i) requires disclosure of a trade secret or other confidential research, development or commercial information, or
    (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
    (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(b) Duties in Responding to Subpoena

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made

3

expressly and shall be supported by a description of the nature of the documents, communications or things not produced that is sufficient to enable the demanding party to contest the claim.

Date: 10/19/17

CARY L. FLITTER
ANDREW M. MILZ
Attorneys for Plaintiff

FLITTER MILZ, P.C.
525 RT. 73, Ste. 200
Marlton, NJ 08053-9644
(856) 396-0600

4